**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TITAN CNG, LLC, *et al.,*[1] | Case No. 25-11525 (MFW) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF MARK E. PALMER, CHIEF RESTRUCTURING OFFICER, IN SUPPORT OF THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING, BUT NOT DIRECTING, THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (II) AUTHORIZING INTERCOMPANY TRANSACTIONS, IN ACCORDANCE WITH THE SHARED SERVICES AND FUNDING AGREEMENT, (III) APPROVING THE SHARED SERVICES AND <u>FUNDING AGREEMENT, AND (IV) GRANTING RELATED RELIEF</u>**

I, Mark E. Palmer, declare the following under penalty of perjury:

1. I am the Chief Restructuring Officer ("<u>CRO</u>") of Titan CNG, LLC ("<u>Titan CNG</u>") and its affiliated debtors and debtors-in-possession: Titan Transportation Equipment Leasing, LLC f/k/a EVO Equipment Leasing, LLC ("<u>Titan Leasing</u>") and J.B. Lease Corporation ("<u>J.B. Leasing</u>" and collectively, the "<u>Debtors</u>"), and submit this supplemental declaration in further support of the Debtors' *Motion for Interim and Final Orders: (i) Authorizing, But Not Directing, the Continued Use of the Debtors' Cash Management System, Bank Accounts, and Business Forms, (ii) Authorizing Intercompany Transactions, in accordance with the Shared Services and Funding Agreement, (iii) Approving the Shared Services and Funding Agreement, and (iv) Granting Related Relief* [Dkt. No. 9] (the "<u>Cash Management and Funding Motion</u>").

---

[1] The Debtors and the last four digits of each Debtors' respective federal Employer Identification Number are: Titan CNG, LLC (6720); Titan Transportation Equipment Leasing, LLC (5850); and J.B. Lease Corporation (2869). The Debtors' service address is 20860 N. Tatum Blvd., Suite 344, Phoenix, AZ 85050.

2.      Except as otherwise indicated, all facts in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my experience, knowledge, and familiarity with the Debtors' business and operations.

3.      On August 20, 2025, the Debtors filed the Cash Management Motion and the Court scheduled a hearing to consider the Motion and other "first-day" motions filed by the Debtors on August 22, 2025(the "First Day Hearing").  At the First Day Hearing, Integro Bank, Southwest Heritage Bank ("SWHB") and Commercial Funding Partners ("CFP"), three equipment finance companies-lessors of the Debtors, appeared and objected to approval of the Cash Management Motion unless, *inter alia*, the Debtors provided immediate payment on account of the EVO Group's potential use of the Debtors' trucks, trailers and related transportation and vehicle equipment (collectively, the "Equipment") subject to their respective interests and/or liens.  The three lenders assert interests or liens on approximately 830 of the approximate 1200 pieces of Equipment owned by the Debtors.

4.      Since the First Day Hearing, I have communicated extensively with representatives of the three lenders and other equipment finance lenders-lessors to the Debtors, including Trinity Capital ("Trinity"), which has an interest or lien on approximately 49 pieces of Equipment, BOK First Interstate Bank ("BOK"), which is represented by Equipment Leasing Services, LLC ("ELS"), and has an interest or lien on approximately 37 pieces of Equipment.

5.      SHWB is one of the Debtors' largest equipment finance companies, with interests or liens on approximately 564 trucks and tractor trailers (or approximately 45% of the Debtors' Equipment).  Pursuant to ongoing discussions, the Debtors have agreed to provide SHWB with

requested information on their respective vehicles, including updated insurance, location, maintenance and service records, and to make payments styled as "adequate protection" payments on or before October 15, 2025. The Debtors anticipate finalizing a resolution with SHWB prior to the September 2, 2025 continued First Day Hearing.

6. Regarding CFP, the Debtors have agreed to enter into a stipulation to be approved by the Court that will provide for the return of approximately fifty-one trucks to CFP, and the Debtors will make an adequate protection payment to CFP on or before October 15, 2025. The Debtors believe they will have a resolution with CFP by the September 2 hearing and anticipate finalizing a stipulation shortly thereafter.

7. A similar arrangement has been reached with Trinity. The Debtor have agreed to pay or cause to be paid adequate protection payments between now and October 15, 2025 and to provide additional information in connection with a pending lease amendment, assumption and assignment on terms to be mutually agreed.

8. With regard to BOK (through its agent, ELS), the Debtors have reached terms pursuant to which the Debtor will pay or cause to be paid adequate protection payments on or before October 15, 2025 and to negotiate in good faith the terms of a lease amendment, assumption and assignment agreement. ELS has indicated it will not object to approval of the Cash Management Motion.

9. Regarding Integro, Debtor, Titan Leasing, is party to that certain Commercial Lease Master Lease Agreement dated as of May 13, 2019 (the "Master Lease Agreement") with ELS, pursuant to which ELS financed trucks and trailers to Titan Leasing. Pursuant to the Master Lease Agreement, ELS subsequently entered into various Supplements to Lease dated September 12, 2024 (the "September Supplement") and dated February 18, 2025 (the "February 2025

Supplement", and together with the September Supplement, the "Supplements"), and assigned all of its rights, title and interest under those Supplements to Integro.  Pursuant to the Master Lease Agreement and Supplements, Integro was granted a lien on thirty-seven of Titan Leasing's trucks (the "Integro Trucks") and Titan Leasing was obligated to make monthly payments of approximately $94,000 for the thirty-seven Integro Trucks.

10.     The Debtors have identified 23 of the Integro Trucks and have offered to enter into a stipulation granting Integro relief from the automatic stay to pursue to its rights and remedies on those 23 trucks.  Integro has refused to pursue a consensual lift-stay stipulation and has demanded that the Debtors provide payment for all Integro Trucks or reject the Master Lease Agreement and Supplement.  The Debtors are not ready to reject the Integro agreements and, contemporaneously herewith, are filing a motion to abandon the 23 Integro Trucks.  Moving forward, the EVO Group intends to use only 14 Integro Trucks during the Chapter 11 Cases, leaving at most $40,000 in monthly lease payments due on the Integro Agreements (assuming those Agreements to be true leases and actual use of the Equipment).

11.     Based on the total trucks, trailers and related Equipment to be used moving forward, the Lease Agreements will require payment of $1.05 million on a monthly basis, assuming the lease agreements are true leases and no other arrangements are reached with lenders/lessors.  In accordance with the revised funding commitment budget attached hereto as **Exhibit A**, EVO Group has agreed to immediately fund and escrow $150,000 to the Debtors' debtor in possession account on September 2, 2025 and fund additional payments commencing on a weekly basis thereafter such that the Debtors will be able to make any payments required under their Lease Agreements on October 15, 2025 (the "Escrow").  From the Escrow, the

4

Debtors will have sufficient funds to make required payments for Equipment used and to be used during the sixty-day period following the Petition Date, and thereafter.

12.     The Shared Services Funding Agreement has also been revised, as reflected on **Exhibit B** hereto, to clarify and make clear that EVO Group will cover and is responsible for all costs or expenses for any used Equipment.  In addition, the revised Share Services Funding Agreement also clarifies that EVO Group will indemnify the Debtors for any claims arising from use of the Equipment.

13.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  August 29, 2025

*/s/ Mark E. Palmer*_____
 Mark E. Palmer
Chief Restructuring Officer of the Debtors